NO. 07-12-0355-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 4, 2012
_____

LUIS EXINIA GARCIA JR. AKA
LUIS GARCIA JR.

              Appellant

v.

THE STATE OF TEXAS,

              Appellee
_____

FROM THE 320th DISTRICT COURT OF POTTER COUNTY;

NO. 64,117-D; HON. DON EMERSON, PRESIDING
_____

*Order of Dismissal*
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Luis Exinia Garcia Jr., aka Luis Garcia Jr., appellant, attempts to appeal from his conviction for aggravated robbery. The trial court pronounced sentence and signed the judgment on May 11, 2012. Appellant did not file his notice of appeal until August 10, 2012. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after the sentence is imposed or suspended in open court or within ninety days after that date if a motion for

new trial is filed. TEX. R. APP. P. 26.2(a). Appellant did not file a motion for new trial; therefore, the deadline for perfecting an appeal here lapsed in June of 2012.

A timely filed notice of appeal is essential to invoke our appellate jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If it is untimely, we can take no action other than to dismiss the proceeding. *Id.* at 523. Appellant's notice being untimely filed, we have no jurisdiction over the matter and dismiss the appeal.

Accordingly, appellant's appeal is dismissed.[1]

Per Curiam

Do not publish.

---

[1]The appropriate vehicle for seeking a belated appeal from a final felony conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).